# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DAR MARIE LLORENS | § | |
| | § | |
| V. | § | A-19-CV-1077-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Memorandum in Support (Document 2) and Respondent's Answer (Document 7). Petitioner, proceeding pro se, paid the full filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should dismissed as time-barred.

## I. STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas. In cause number D-1-DC-14-301967, Petitioner was charged by indictment with kidnapping. Pursuant to a guilty plea, the trial court sentenced Petitioner to six year's imprisonment. Petitioner also was convicted of interference with child custody and sentenced to two years' imprisonment in that same cause. Petitioner discharged her two-year sentence on September 29, 2016.

On April 21, 2017, the Third Court of Appeals of Texas modified the judgment by reducing the warrant execution fees and the commitment and release fees, and affirmed the judgment of the trial court in all other aspects. *Llorens v. State*, 520 S.W.3d 129, 144-45 (Tex. App.–Austin 2017, pet. ref'd). The Texas Court of Criminal Appeals subsequently refused her petition for discretionary review on September 27, 2017. *Llorens v. State*, No. PD-0481-17 (Tex. Crim. App. 2017).

Petitioner filed an application for state writ of habeas corpus challenging her convictions on December 20, 2018. *Ex parte Llorens*, Appl. No. 89,460-01. On February 6, 2019, the Court of Criminal Appeals dismissed the application as non-compliant. Petitioner filed a second state writ on March 26, 2019. *Ex parte Llorens*, Appl. No. 89,460-02. On October 23, 2019, the Court of Criminal Appeals dismissed the application to the extent Petitioner challenged her conviction for interference with child custody and denied the petition to the extent she challenged her conviction for kidnapping.

**B.	Petitioner's Grounds for Relief**

Petitioner raises as grounds for relief:

1.	She was convicted in violation of the double jeopardy clause;

2.	She was denied effective assistance of trial counsel because counsel failed to investigate and prepare a defense; and

3.	She was denied effective assistance of trial counsel because counsel told her she would be released from custody if she pleaded guilty.

To the extent Petitioner challenges her conviction for interference with child custody Respondent argues the Court lacks jurisdiction because Petitioner already discharged her sentence. To the extent Petitioner challenges her conviction for kidnapping Respondent argues Petitioner's application is time-barred.

## II. DISCUSSION AND ANALYSIS

### A. Discharged Sentence

A district court has jurisdiction to consider a collateral attack of a state conviction only if the § 2254 petitioner is "in custody" under the conviction or sentence he seeks to challenge at the time he files the application. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). If the petitioner was no longer serving the challenged judgment when she filed her § 2254 petition because she fully discharged the sentence imposed upon that judgment, the "in custody" requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition. *Id.* at 492; *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained").

Petitioner discharged her two-year sentence for interference with child custody on September 29, 2016. Therefore, the Court lacks jurisdiction over Petitioner's challenge to her conviction for interference with child custody.

### B. Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on December 26, 2017, at the conclusion of time during which she could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner had until December 26, 2018, to timely file her federal application. Petitioner, who was not incarcerated at the time she filed her federal application, filed her federal application for habeas corpus relief on November 1, 2019, after the limitations period had expired.

Petitioner's first state application did not operate to toll the limitations period, because it was not properly filed. An improperly filed state habeas petition has no effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Petitioner's second state application also did not operate to toll the limitations period, because it was

filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing her failure to timely file her federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that she did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction to the extent she challenges her conviction for interference with child custody and dismissed with prejudice as time-barred to the extent she challenges her conviction for kidnapping.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 6th day of February, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE